---

SIEBER & TRUSSELL MFG. CO. v. CHICAGO BINDER & FILE CO.

(Circuit Court of Appeals, Seventh Circuit. January 10, 1911.)

No. 1,732.

PATENTS (§ 328*)—INVENTION—LOOSE-LEAF BINDERS.

    The Nelson, Dawson & Trussell patent, No. 806,702, for a loose-leaf binder, discloses nothing new, except the substitution, for the lock previously in use in such binders, of a locking device adopted from the related art of automatically locking boxes, and is void for lack of patentable invention.

Appeal from the Circuit Court of the United States for the Northern District of Illinois.

Suit in equity by the Sieber & Trussell Manufacturing Company against the Chicago Binder & File Company. Decree (177 Fed. 439) for defendant, and complainant appeals. Affirmed.

The appeal is from a decree dismissing the bill for want of equity. 177 Fed. 439. The bill was to restrain the infringement of letters patent No. 806,702, issued December 5th, 1905, for a new and useful improvement in Loose-Leaf Binders. The claims sued upon are as follows:

    "1. In a binder, in combination, a pair of side plates having end flanges and being pivotally united; a spring-stud carried by a flange of one of the plates and adapted to enter a T-slot in the adjacent flange of the other plate, such stud having its body enlarged at its base to a greater diameter than the throat of the slot.

    "2. In a binder, in combination, a pair of angle-plates hinged together and having end flanges of such width that they overlap when the binder is closed, one of such end flanges having a T-slot entering from its front end; and a spring-stud having its body enlarged at its base to a greater diameter than the throat of the slot, such enlargement being beveled."

Other patents cited are the following:
    No. 226,174, A. Kaufman, Apr. 6, 1880.
    No. 335,822, G. B. Lehy, Feb. 9, 1886.
    No. 638,726, F. Korsmeier, Dec. 12, 1899.
    No. 652,439, F. X. Mudd, June 26, 1900.
    No. 736,338, E. T. A. Akass, Aug. 18, 1903.
    No. 746,052, J. J. Duffy, Dec. 8, 1903.
    No. 794,827, A. C. Wiechers, July 18, 1905.
    No. 819,275, W. N. Hall, May 1, 1906.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Complainant's patent, and the Duffy Patent No. 746,052, mentioned in the opinion, are illustrated in the following diagrams:

## Diagram of Complainant's Patent.

## Diagram of Duffy Patent.

The facts are stated in the opinion.

Charles B. Gillson, for appellant.

John H. Lee, for appellee.

Before GROSSCUP, BAKER, and SEAMAN, Circuit Judges.

GROSSCUP, Circuit Judge, delivered the opinion.

The prior art in loose leaf binders is shown in the Duffy patent. It shows a binder comprising curved binder plates, pivotally connected together, and having end flanges adapted to slide past each other with a shearing action, one of the end flanges being equipped with a leaf-spring carrying a beveled locking-stud, adapted to register with a perforation in the companion end-flange—the leaf-spring being equipped with a push-button, adapted to force the spring inwardly and withdraw the locking-stud from locking engagement. The locking is automatic.

The complainant's patent differs from this in nothing except that in complainant's patent the latching device is through a T-shaped slot, the locking stud having a beveled surface, automatically locking the moment that the stud gets to the enlarged opening of the slot. What the patentee did, in the patent in suit, was to simply change the stud from its place on one of the flanges to its present place, together with the T-shaped slot, essential to the working of such a stud.

Possibly there might have been invention in this change from one locking device to another, were the supplanting locking device itself new in the art. But it is not new in the art. It appears, precisely as the patent in suit adopts it, in the Lehy patent in the art of box fasteners. The patent in suit, therefore, has made no advance upon the previous art of loose leaf binders, except to substitute, for the lock previously existing in those binders, a lock that previously existed in box

fastenings. In our judgment, this transposition is not patentable invention. As stated in the opinion of the Court below, "it is like putting the ordinary door-lock into a new place, or using a lock-buckle on a saddle girth or stirrup strap, and claiming for the result a patentable combination. In the new binder, there is an old combination considerably improved, and a better result; but an old operation by old means."

The decree of the Circuit Court is affirmed.