## JOYCE v. KAHN.
### No. 6305.

Circuit Court of Appeals, Seventh Circuit.

April 6, 1938.

Rehearing Denied June 13, 1938.

878

John A. Marzall and Kennion K. Kauffman, both of Chicago, Ill., for appellant.

Robert L. Kahn, of Chicago, Ill., for appellee.

Before EVANS, SPARKS, and MAJOR, Circuit Judges.

MAJOR, Circuit Judge.

This is an appeal from a decree of the District Court holding patent No. 1,727,108 invalid. The court also held that appellee had infringed the patent, if valid. This conclusion was not appealed from so the question of infringement is not here involved.

The patent in suit relates to a loose leaf binding construction whereby a pair of flexible helical springs are attached to a bottom cover, and receive loose leaf sheets for binding. After a sufficient quantity of sheets are inserted over the springs, a top cover having holes is placed over the sheets and receives the upper ends of the helical coil springs. Distortion nails are then driven through the holes in the top cover and into the openings in the springs whereby the top cover is fixed in position and neither the sheets, bottom or top cover can be removed.

Appellant's commercial device was manufactured in conformity with the patent and the essential advantage claimed is that it serves as two binders, one a temporary binder and the other permanent.

Appellee urges that appellant's device is anticipated by the prior art patents and specifically relies upon patents to Ho-Glen No. 683,176, McBee No. 998,541, and Green No. 1,558,350. It is claimed by appellant that the Ho-Glen invention merely provided for a removable binding as distinguished from a permanent one as is found in the patent in suit. Nevertheless, there was there used a coil spring just as is used by appellant. The only difference being that appellant inserts a nail into the opening of the spring rather than a screw as is shown in Ho-Glen. It is claimed by inserting a nail, especially one flattened or having barbs, the holding effect of the spring is enhanced, thereby creating a permanent binder; while in the Ho-Glen patent, the screw may be readily removed. McBee shows a binder having a solid metal tube which receives the loose leaf sheets for binding with nails driven in to fasten the binder cover to the post. Green shows a hollow metal tube bent into a U shape with roughened tacks placed in the back and into the ends of the tubes.

In other words, we find in the prior art the same spring coil as used by appellant where a screw was used rather than a nail and we also find the roughened nail used in connection with a tubular post. Nails and screws have long been used as fastener elements and are used rather indiscriminately and interchangeably. Nails, it is said, are cheaper than screws and, of course, it is well known that a roughened nail is more difficult to remove than one which has a smooth surface. We cannot believe that appellant, who had all elements of his device before him, can be credited with invention by merely using a nail where a screw had theretofore been used. The language used by this court in Sieber & Trussell Mfg. Co. v. Chicago Binder & File Co., 7 Cir., 184 F. 930, 931, is applicable to the instant situation: "The patent in suit, therefore, has made no advance upon the previous art of loose leaf binders, except to substitute, for the lock previously existing in those binders, a lock that previously existed in box fastenings. In our judgment, this transposition is not patentable invention. As stated in the opinion of the Court below, 'it is like putting the ordinary door-lock into a new place, or using a lock-buckle on a saddle girth or stirrup strap, and claiming for the result a patentable combination. In the new binder, there is an old combination considerably improved, and a better result; but an old operation by old means.'"

The decree is affirmed.